UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------

DERRICK BROOKS, CLIFTON DEMECO,
and BRIAN BLOWERS, on behalf of
themselves and all others similarly situated,

                    Plaintiffs,

    -v-                                          1:16-CV-1025

SAMUEL D. ROBERTS, Commissioner of the
New York State Office of Temporary and
Disability Assistance,

                      Defendant.

--------------------------------

APPEARANCES:                               OF COUNSEL:

NATIONAL CENTER FOR LAW & ECONOMIC    KATHERINE M.
      JUSTICE, INC.                       DEABLER-MEADOWS, ESQ.
Attorneys for Plaintiffs
275 Seventh Avenue - Suite 1506
New York, New York 10001

EMPIRE JUSTICE CENTER - ALBANY        SAIMA A. AKHTAR, ESQ.
Attorneys for Plaintiffs
119 Washington Avenue
2nd Floor
Albany, New York 12210

HON. ERIC T. SCHNEIDERMAN            C. HARRIS DAGUE, ESQ.
Attorney General for the State of New York  Ass't Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224


DAVID N. HURD
United States District Judge

## **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

On August 19, 2016, the named plaintiffs commenced this action seeking relief on behalf of themselves and a putative class of fellow New York State residents receiving Supplemental Nutrition Assistance Program ("SNAP") benefits who, since January 1, 2016, have had, are now having, or will have their benefits terminated for allegedly failing to meet a work requirement after receiving benefits for three out of thirty-six months. The putative class action named defendant Samuel D. Roberts, in his official capacity as Commissioner of the New York State Office of Temporary and Disability Assistance, the agency designated by New York State to administer the federal SNAP program.

The Complaint sought injunctive relief ordering defendant to: refrain from terminating SNAP benefits pursuant to the able-bodied adults without dependents ("ABAWDs") rules without complying with Due Process and federal laws and regulations governing SNAP; provide adequate and timely notices of SNAP termination to those whom defendant deems subject to the ABAWD rules; provide adequate preliminary notices of ABAWD status and a comprehensive individual assessment process for those SNAP recipients subject to the ABAWD time limit; cease terminations of SNAP benefits pursuant to the ABAWD rules until such time as adequate and timely termination notices, adequate and timely preliminary notices, and a comprehensive individual assessment process were in use; and restore SNAP benefits, provide appropriate back benefits, and resolve assessed overpayments to individuals wrongfully terminated from SNAP pursuant to the ABAWD rules.

In a Memorandum–Decision & Order issued on May 5, 2017, plaintiffs' motions for class certification and for a preliminary injunction were denied while defendant's motion to dismiss was denied in part and granted in part, granting only that portion of defendant's

motion as to plaintiffs' due process claims regarding notice of ABAWD status. Brooks v. Roberts, 251 F. Supp. 3d 401 (N.D.N.Y. 2017). The Court found that the purported class satisfied all requirements of Federal Rule of Civil Procedure 23(a) and (b), but denied plaintiffs' motion for class certification based on defendant's assurances that any relief ordered by the Court as to the named plaintiffs would be applied to all members of the proposed class. Id. at 420–21.

Thereafter, the parties worked toward negotiating terms of a final settlement that would provide significant relief to members of the proposed class.

On June 14, 2019, the parties advised the Court they had reached a settlement and moved for preliminary approval of a final class action settlement agreement (the "Settlement Agreement"). They thereafter submitted a proposed notice to be distributed. On July 8, 2019, the Court approved the parties' proposed Notice to the Class of the Settlement Agreement (the "Notice") and directed the parties to distribute the Notice in accordance with the parties' proposed terms.

The July 8 Order further provided an appropriate time period in which class members could lodge written objections to the Notice's terms. The July 8 Order also set Tuesday, September 17, 2019 at 1:00 p.m. as the date and time that a Fairness Hearing would be conducted on the record in Utica, New York to determine whether final approval of the Settlement Agreement would be granted. In anticipation of the Fairness Hearing, the parties jointly moved for final approval of the class action settlement by submitting a memorandum of law, supporting declaration, and proposed order.

On September 17, 2019, at 1:00 p.m., a Fairness Hearing was conducted on the record in Utica, New York. At that time, no class members had lodged any written objections

to the Settlement Agreement. Further, no class member or any other party was heard to object to the Settlement Agreement either before or during the Fairness Hearing.

After considering these facts, the parties' submissions and statements on the record, and the factors set forth in Rule 23 of the Federal Rules of Civil Procedure, the Settlement Agreement is fair, reasonable, and adequate to the class and subclass. See Wal-Mart Stores, Inc. v. Visa USA Inc., 396 F.3d 96, 117 (2d Cir. 2005) (setting forth nine factors to be considered in assessing the fairness of a proposed class settlement). Accordingly, the parties' joint motion for final approval of the class action settlement will be granted.

Therefore, it is

ORDERED that

The Settlement Agreement filed by the parties on June 14, 2019 is APPROVED as fair, reasonable, and adequate to the class of "All current or former New York State Supplemental Nutrition Assistance Program ("SNAP") benefits recipients who had their SNAP benefits reduced or terminated between January 1, 2016, and December 31, 2018, for failing to meet a work requirement applicable to able-bodied adults without dependents, pursuant to 7 U.S.C. § 2015(o)(2) or 7 C.F.R. §§273.24(a)(1) and (b)."

IT IS SO ORDERED.

_____
United States District Judge

Dated: September 17, 2019
       Utica, New York.