U.S. DISTRICT COURT - N.D. OF N.Y.

# FILED

SEP 1 8 2019

AT_____ O'CLOCK_____
John M. Domurad, Clerk - Utica

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

**DERRICK BROOKS, CLIFTON DEMECO,** and
**BRIAN BLOWERS,** on behalf of themselves
and all others similarly situated,

        *Plaintiffs,*

    -against-

**SAMUEL D. ROBERTS,** in his Official Capacity
as Commissioner of the New York
State Office of Temporary and Disability Assistance,

      *Defendant.*
--------------------------------------------------------------X

**No. 16-CV-1025 (DNH) (TWD)**

**STIPULATION AND ORDER
OF SETTLEMENT**

## STIPULATION AND ORDER OF SETTLEMENT

    **WHEREAS,** Plaintiffs commenced this action on August 19, 2016, pursuant to 42

U.S.C. § 1983 under the Due Process Clause of the Fourteenth Amendment of the United States

Constitution and federal statutes and regulations governing the Supplemental Nutrition

Assistance Program ("SNAP");

    **WHEREAS,** Plaintiffs moved for Class Certification and Preliminary Injunction on

August 23, 2016;

    **WHEREAS,** Defendants Cross-Moved to Dismiss and Opposed Plaintiffs' motions for

Class Certification and Preliminary Injunction on October 12, 2016, and all briefing on these

motions was completed by the parties by February 27, 2017;

    **WHEREAS,** the Court issued a Decision and Order on May 5, 2017 denying Plaintiffs'

motions for Preliminary Injunction and Class Certification and denying in part and granting in

part Defendant's motion to dismiss;

    **WHEREAS,** as to all claims remaining following motion practice the Court has not

1

rendered final findings of law or fact;

**WHEREAS**, Defendant answered the Complaint on May 25, 2017 and denies any and all claims of wrongdoing asserted in connection with Plaintiffs' Complaint;

**WHEREAS**, the Court has not rendered final findings on Defendant's liability, if any, on the claims alleged in the Complaint in this matter;

**WHEREAS**, this Stipulation and Order of Settlement (hereinafter "Stipulation and Order") does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions; the parties' settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated hereto; this Stipulation and Order does not form and shall not be claimed as any precedent for or an agreement by the parties to any generally applicable policy or procedure beyond the term of this Stipulation and Order;

**WHEREAS**, the parties enter into this Stipulation and Order solely for the purposes of settling the disputes remaining and to avoid further litigation on the issues presented in this action, without either party admitting any fault or liability;

**WHEREAS**, nothing herein shall be interpreted to be inconsistent with the requirements of federal statutes and regulations;

**NOW, THEREFORE, IT IS HEREBY ORDERED, UPON THE STIPULATION AND AGREEMENT OF THE PARTIES**, through their undersigned attorneys for the respective parties herein, that this action is settled, subject to the approval of this Court pursuant to the Federal Rules of Civil Procedure, on the following terms and conditions:

## I. DEFINITIONS

1. "ABAWD" means Able Bodied Adults Without Dependents, as defined in 7 U.S.C. § 2015(o)(2).

2. "ABAWD rules" or "ABAWD work rules" mean the federal work requirements that persons identified as ABAWDs must meet in order to receive SNAP benefits for longer than three months in a 36-month period, as provided in 7 U.S.C. § 2015(o)(2)(A)–(C) and 7 C.F.R. § 273.24(a).

3. "Agency" or "OTDA" refers to the New York State Office of Temporary and Disability Assistance.

4. "Applicant" refers to an individual or household who has submitted an initial or recertification application for SNAP benefits, as defined by 18 NYCRR 350.1 (a).

5. "Client Informational Letter" refers to OTDA Form Number LDSS 5072. The Client Informational Letter provides SNAP recipients identified as ABAWDs with information regarding the ABAWD rules and their rights and responsibilities under the rules as agreed upon by the parties.

6. "Identified" refers to the point at which an electronic or case record indicates a given individual is an ABAWD potentially subject to work requirements.

7. "Exemptions and exceptions" refer to those conditions that, under federal law, exempt an ABAWD from complying with the ABAWD rules in order to receive SNAP benefits for longer than three months in a 36-month period, as specified in 7 U.S.C. § 2015(d)(2), 7 U.S.C. § 2015(o)(3), 7 C.F.R. § 273.7(b), 7 C.F.R. § 273.24(c), and 7 C.F.R. § 273.24(b)(2).

8. "Interview Template" refers to OTDA Form Number LDSS 4826B. The Interview Template is a tool that OTDA strongly encourages LDSSs to utilize while conducting

3

SNAP eligibility interviews of applicants, including to ascertain the applicant's potential ABAWD status and compliance with, or exemptions and exceptions from, mandatory ABAWD work rules.

9. "LDSS" means Local Department of Social Services, and refers to the social services districts established by the New York Social Services Law.

10. "Local equivalent" refers to forms or other documents utilized by LDSSs in lieu of forms or other documents provided by Defendant, in order to accomplish the same purpose as forms or documents provided by Defendant. See 18 NYCRR Part 320.

11. "Notice of Adverse Action" or "NOAA" refers to the notice required by 7 C.F.R. § 273.13.

12. "Recipient" refers to an individual or household that is receiving SNAP benefits.

13. "SNAP" means Supplemental Nutrition Assistance Program (SNAP) benefits provided pursuant to the Food and Nutrition Act, as amended, 7 U.S.C. § 2011 *et seq.*, and federal implementing regulations enacted by the Food and Nutrition Service of the U.S. Department of Agriculture.

14. "SNAP household" refers to a household as defined by 7 U.S.C. § 2012 (m).

15. "Training" refers to the ABAWD training courses offered to LDSS staff in person or via WebEx, including ABAWD Course 1 Overview of the SNAP Employment and Training program and Work Requirements; ABAWD Course 2 Requirements for ABAWDs; and ABAWD Course 3 Documenting and Monitoring ABAWD Participation.

16. "Work Activity Letter" refers to Form Number LDSS 5127.

4

## II.   CLASS CERTIFICATION

17. Pursuant to Federal Rule of Civil Procedure 23(c), the following class is certified for the purposes of this Stipulation and Order:

> All current or former New York State Supplemental Nutrition Assistance
> Program ("SNAP") benefits recipients who had their SNAP benefits
> reduced or terminated between January 1, 2016, and December 31, 2018,
> for failing to meet a work requirement applicable to able-bodied adults
> without dependents, pursuant to 7 U.S.C. § 2015(o)(2) or 7 C.F.R. §§
> 273.24(a)(1) and (b).

18. No later than thirty (30) days prior to the date of any scheduled fairness hearing established by the Court, notice of the pendency of the action and entry of this Judgment shall be given to the certified class as follows:

    i.   Counsel for the parties have agreed on a notice to class members in 8 1/2" by 11" poster form accompanying this agreement as Appendix A; and

    ii.   the poster provides general information about the overall scope of relief negotiated in this Settlement Agreement and provides information about the Fairness Hearing;

    iii.   An electronic version of the poster shall be provided as well;

    iv.   Plaintiffs' counsel will cause this notice to be (a) posted on the website for Empire Justice Center and the National Center for Law and Economic Justice, (b) posted in the waiting rooms or reception areas of each office of Empire Justice Center, and the National Center for Law and Economic Justice, (c) distributed to legal aid and legal services organizations in New York State, and (d) posted to an electronic list serve for advocates who represent persons in matters related to public assistance maintained by the Western New York Law Center.

    v.   Defendant will cause notice to be posted (a) on its website, (b) on each hearing floor at OTDA's Office located at 40 North Pearl St., Albany, New York 12243, (c) at

5

OTDA's Office of Administrative Hearings located at 14 Boerum Place, First Floor, Brooklyn, New York 11201, and (d) in any location where public assistance applications are accepted by the local departments of social services.

vi.     All notices will be in English and Spanish.

19.     A hearing on the provisions of this Settlement and Order pursuant to FRCP 23(e) will be held at the Alexander Pirnie Federal Bldg. and U.S. Courthouse 10 Broad Street Utica, NY 13501, on a date and time to be scheduled by the Honorable David N. Hurd, U.S. District Court Judge.

## III.     STATUTORY BACKGROUND

20.     In addition to meeting other SNAP requirements, federal law specifies work rules for certain adults known as able bodied adults without dependents, or ABAWDs. 7 U.S.C. § 2015(o). An ABAWD is an individual between the ages of 18 and 50 who is not disabled and does not reside in a SNAP household where a household member is under the age of 18. ABAWDs must satisfy work requirements to maintain eligibility for SNAP benefits. ABAWDs who are not working at least 80 hours per month (paid or unpaid), participating in an employment and training program at least 80 hours per month, or complying with a designated work program, cannot receive SNAP benefits for more than three months in a 36-month period *Id.* § 2015(o)(2).

21.     Federal law further specifies certain conditions under which ABAWDs may be exempt from the work rules and thus able to receive benefits in excess of three months within a 36 month period. These circumstances include, but are not limited to, if the ABAWD is: receiving temporary or permanent disability benefits; responsible for the care of a child or incapacitated household member; medically certified as physically or mentally unfit for

6

employment; pregnant; or already exempt on another basis, including, but not limited to receiving unemployment compensation. 7 U.S.C. § 2015(o)(3).

22.     A good cause provision also exists for individuals who temporarily cannot comply with the 80-hour-per-month work requirement because of temporary circumstances beyond their control, including, but not limited to illness or lack of transportation. 7 C.F.R. § 273.24(c).

23.     Defendant, as Commissioner of the New York State agency designated to administer the federal SNAP program under 7 U.S.C. § 2020(a), applies the ABAWD rules and exemptions and exceptions, as specified in 7 U.S.C. § 2015 (d)(2), (o)(2); 7 C.F.R. § 273.24(a), (c); 7 C.F.R. § 273.7(b), as required by 7 U.S.C. 2014(a); 7 U.S.C. § 2020 (a)(1) and (e); 7 U.S.C. § 2020(e)(3), (4), and (9); 7 C.F.R. Part 273; and 7 C.F.R. § 276.1(a)(4).

24.     7 U.S.C. § 2020(e)(10) and 7 C.F.R. § 273.13(a)(1), (2) generally require that administering agencies provide each SNAP household whose SNAP benefits are terminated or reduced, including those terminated or reduced as a result of alleged noncompliance with the ABAWD rules, with timely and adequate notice.

25.     7 C.F.R. § 273.15(A) generally requires that administering agencies will provide the opportunity for a fair hearing on request to those SNAP households whose SNAP benefits are terminated or reduced, including those terminated or reduced as a result of alleged noncompliance with the ABAWD rules.

26.     7 U.S.C. § 2020(b) generally requires that administering agencies will "promptly restore any improperly denied benefits" to individuals wrongfully deprived of benefits, including those wrongfully deprived in relation to the ABAWD rules, and "take other steps to prevent a recurrence of such errors."

27.     Defendant generally supervises all LDSSs with respect to administration, implementation, and enforcement of the ABAWD work rules, pursuant to state and federal law. Social Services Law §§ 20, 34(3)(d); 18 N.Y.C.R.R. § 320.1; 18 N.Y.C.R.R. § 320.2; 7 U.S.C. § 2012(s).

## IV.     OBLIGATIONS OF THE PARTIES

### Client Informational Letter

28.     The parties acknowledge that, prior to the Court's approval of this Stipulation and Order, Defendant created and made available to LDSSs the Client Informational Letter, Form Number LDSS 5072 (attached as Exhibit "A"), containing language agreed upon by the parties. The Client Informational Letter provides households in which an ABAWD resides with information regarding the individual's rights and responsibilities under the ABAWD rules. Defendant encourages and will continue to encourage LDSSs to send the Client Informational Letter when any individual is identified as an ABAWD.

29.     Defendant strongly encourages and will continue to strongly encourage LDSSs to send the Client Informational Letter, or a local equivalent, to households in which a person identified as an ABAWD resides. Defendant will instruct LDSSs on an ongoing basis that the Client Informational Letter provides SNAP households that might include an ABAWD with information regarding ABAWD requirements, and that, if used, the Client Informational Letter, or local equivalent, should be sent when an individual is identified as an ABAWD.

30.     When reviewing a local equivalent form, Defendant will review whether such form includes, and will strongly encourage LDSSs to include, the following at minimum:

i.      Identification of the individual within the household who is or will soon be subject to ABAWD rules;

ii.     A statement that the individual in question is subject to the ABAWD rules at the time the letter is sent;

iii.    A statement of exemptions and exceptions to the ABAWD rules; and

iv.    A statement of the steps the individual in question should take if they have questions about how to comply with the ABAWD rules, need assistance complying with the ABAWD rules, or believe they should be exempt from the ABAWD rules.

### Notice of Adverse Action

31.     Defendant provides Notices of Adverse Action to LDSSs that are issued through the Client Notification System, a computer system maintained by OTDA, or manually by the district. When a NOAA relating to alleged non-compliance with ABAWD rules is generated via the Client Notice System, the computer system inserts the ABAWD section into the NOAA based on the presence of an individual reason code entered in the Welfare Management System.

32.     Defendant will use the version of the ABAWD section agreed upon by the parties (attached as Exhibit "B"), and will introduce and implement this version of the ABAWD section by September 2019.

33.     By October 2020, Defendant will modify existing computer systems used for issuing SNAP benefits and client notices related to SNAP benefit issuances such that language will be inserted into the NOAA via a drop down menu, multiple choice menu, or equivalent process in which an LDSS worker selects from a list of options the reason why an ABAWD is being terminated, and appropriate text is inserted into the NOAA, containing one of the following reasons for the action taken to reduce or terminate SNAP benefits for violation of the ABAWD work rules and issue the required notice pursuant to 7 CFR 273.13:

i.  Reason for termination: failure to participate in ANY work activity [NAME] did not do any approved activity for an ABAWD to keep receiving SNAP in [MONTH of termination].

ii.  Reason for termination: failure to participate the required number of hours [NAME] did not work or do another approved activity for the 80 hours required for an ABAWD to keep receiving SNAP in [MONTH of termination].

iii.  Reason for termination: end of exemption [NAME] was no longer exempt from the special ABAWD work requirement and did not work or do an approved activity for the 80 hours needed to keep receiving SNAP in [MONTH of termination].

iv.  Reason for termination: move to an area where there is no geographic waiver [NAME] moved to a place where ABAWDs have to meet a special work requirement and did not work or do an approved activity for the 80 hours needed to keep receiving SNAP in [MONTH of termination].

**Interview Template**

34.  The parties acknowledge that the Interview Template is a tool that Defendant modified prior to the Court's approval of this Stipulation and Order, and continues to provide to LDSSs, in order to assist LDSS workers. The Interview Template provides guidance to LDSS workers during the SNAP eligibility interview process on determining if a given household contains an ABAWD, accurately identifying and coding SNAP applicants and recipients who are subject to the ABAWD rules, and adding to a process by which SNAP recipients who are identified as ABAWDs receive information regarding their rights and responsibilities under the ABAWD rules, in addition to other content related to SNAP program access.

35.     The parties acknowledge that Defendant strongly encourages and will continue to strongly encourage LDSSs to utilize the Interview Template (OTDA Form Number LDSS 4826B) containing the ABAWD material agreed upon by the parties (attached as Exhibit "C"), when conducting both initial application and recertification interviews.

36.     When reviewing a local equivalent form, Defendant will review whether such form includes, and will strongly encourage LDSSs to include, the following, at minimum:

   i.   Text reminding LDSS workers to verbally provide information regarding a given individual's rights and responsibilities (as set forth in Exhibit D; *see* ¶ 38) under the ABAWD rules;

   ii.  A checklist of all potential exemptions and exceptions to the ABAWD rules, similar in sum or substance to that contained in Exhibit C; and

   iii. A statement that individuals who are obviously unfit for work are exempt from the ABAWD rules.

   **Work Activity Letter**

37.     Plaintiffs acknowledge that Defendant has created the Work Activity Letter for use by districts to provide ABAWDs with a scheduled appointment to meet with an LDSS staff member or contracted employment vendor for the purpose of offering the identified ABAWD the opportunity to engage in a qualifying work activity assignment. LDSSs, who do not have an approved waiver for all residents of the district, are required to provide the letter when a SNAP recipient is identified as an ABAWD. Among other things, the Work Activity Letter assists in:

   i.   Providing ABAWDs with the opportunity to seek assistance from their LDSS, in complying with the ABAWD rules;

11

ii. Providing ABAWDs with information regarding the individual's rights and responsibilities (as set forth in Exhibit D; *see* ¶ 38) under the ABAWD rules;

iii. Providing ABAWDs with information regarding exemptions and exceptions to the ABAWD rules, and guidance as to what steps to take if a given individual thinks they should be exempt.

38. The parties acknowledge that Defendant created, prior to the Court's approval of this Stipulation and Order, the version of the Work Activity Letter (Form Number LDSS 5127) agreed upon by the parties (attached as Exhibit "D"), or a local equivalent, and will continue to require LDSSs to send the form to households in which a person identified as an ABAWD resides. Defendant will continue to instruct LDSSs that the Work Activity Letter, or local equivalent, must be sent when an individual is identified as an ABAWD.

39. Before approving a local equivalent under 18 N.Y.C.R.R. § 320.1, Defendant will ensure that any local equivalent used in place of the Work Activity Letter includes, at minimum:

i. Identification of the individual within the household who is or will soon be subject to ABAWD rules;

ii. A statement that the appointment listed on the letter is optional;

iii. A statement that the individual in question is subject to the ABAWD rules at the time the letter is sent;

iv. A statement of the exemptions and exceptions to the ABAWD rules; and

v. A statement of the steps the individual in question should take if they have questions about how to comply with the ABAWD rules, need assistance complying with the ABAWD rules, or believe they should be exempt from the ABAWD rules.

**Notice to Local Social Services Districts**

40.     Defendant will notify LDSSs, via guidance documents, when changes to documentation referenced in ¶¶ 28, 31, 34, and 37 are implemented within thirty (30) days of implementation.

41.     The parties acknowledge that Defendant released updated policy guidance, 17 INF-13, Revisions to the Information Letter Regarding Able-Bodied Adults Without Dependents (ABAWD) Requirements (LDSS 5072) on December 13, 2017, informing LDSSs of the changes made to the Client Informational Letter described ¶ 28 of this Stipulation and Order, and reiterating LDSSs' obligation to inform SNAP households including an ABAWD of the work based eligibility requirements and the consequences for failing to meet these requirements.

42.     Defendant will issue policy guidance informing LDSSs of the changes made to the NOAA ABAWD section, and reiterating that LDSSs' obligation to inform SNAP recipients subject to the ABAWD rules of their relevant rights and responsibilities.

43.     Defendant will issue policy guidance informing LDSSs of the introduction of the drop down menu in the NOAA pursuant to this Stipulation and Order, and requiring LDSS staff to utilize the drop down menu whenever a NOAA related to alleged noncompliance with the ABAWD rules is generated and sent. This policy guidance will be issued within thirty (30) days of implementation.

44.     The parties acknowledge that Defendant released an updated guidance document, 19 TA/DC015, Release of Revised LDSS-4826B Interview/Verification Guide for the LDSS-4826 Supplemental Nutrition Assistance Program (SNAP) Application/Recertification on February 8, 2019, informing LDSSs of the implementation of the Interview Template described in this Stipulation and Order.

45. Defendant will incorporate information about the Client Informational Letter and encouragement to use the Client Informational Letter into future trainings with agency and LDSS staff. This information will be included in both trainings for new staff and refresher trainings.

46. Defendant will incorporate information about the modified NOAA language and the drop down menu into future trainings with agency and LDSS staff. This information will be included in both trainings for new staff and refresher trainings.

47. Defendant will incorporate information about the Interview Template and encouragement to use the Interview Template into future trainings with agency and LDSS staff. This information will be included in both trainings for new staff and refresher trainings.

48. Defendant will incorporate information about the Work Activity Letter and to the requirement that LDSSs use the Work Activity Letter into future trainings with agency and LDSS staff. This information will be included in both trainings for new staff and refresher trainings.

49. Defendant will provide Plaintiffs' counsel with materials related to the training as defined in ¶ 15 relating to the documents referenced in ¶¶ 28, 31, 34, and 37 within one month after the materials are first distributed or made available to LDSSs, LDSS staff, or OTDA staff.

**Relief to Named Plaintiffs**

50. As to Plaintiff Derrick Brooks, Defendant agrees to issue SNAP benefits for May–August 15, 2016, from case closing through reinstatement under another exemption.

51. As to Plaintiff Brian Blowers, Defendant agrees to expunge the ABAWD-related overpayment attributed to him in the period from April–August 2016.

52. As to Plaintiff Clifton DeMeco, Defendant agrees to issue SNAP benefits for the period from June–September 2016.

**Reporting**

53.     Commencing with the quarter following the Court's approval of this Stipulation and Order, Defendant and Plaintiffs' counsel will meet quarterly, by phone or in person, to discuss Defendant's progress in implementing the drop down menu described in ¶ 33. Two weeks prior to the quarterly meeting Plaintiffs' counsel will contact Defendant's counsel via email to request a written progress report be provided.  One week prior to each quarterly meeting, Defendant will provide Plaintiffs' counsel with a written progress report as to the implementation of the drop down menu. In the event Defendant's counsel is delayed in submitting a progress report, Plaintiffs' counsel will contact Defendant's counsel by letter or email with a second request for said progress report.  The parties upon written agreement by both sides, by either email or letter, are free to jointly waive the quarterly meeting or progress report obligations.  These quarterly meetings and progress reports will continue until the Court's jurisdiction expires.

## V.    GENERAL PROVISIONS

54.     Except for the members of the class herein, no provision herein shall infringe upon any individual applicant's or recipient's right to seek to compel Defendant to provide adequate notice of ABAWD rules or to otherwise comply with federal and state law regarding administration of the ABAWD program, including the provision of a fair hearing concerning these matters, when requested.

55.     Notwithstanding the provisions of this Stipulation and Order, Defendant reserves the right to seek to implement, change, or otherwise alter or amend the procedures and requirements of this Stipulation and Order if Defendant reasonably determines that changes are required by intervening changes in federal statutes or regulations; new USDA guidance; changes

in interpretation of federal statutes or regulations by USDA; or federal administrative or judicial order inconsistent with this Stipulation and Order. Defendant shall provide Plaintiffs' counsel written notification, by certified mail or by hand delivery with written acknowledgment of receipt, of a purported required change at least thirty (30) days prior to the commencement of implementation, unless Defendant is required to implement such a purported required change in less than thirty (30) days. If Defendant determines he is required to implement a purported required change in less than thirty (30) days, Defendant shall provide notice to the Plaintiffs' counsel no later than seven (7) working days after learning of a purported required change. Plaintiffs may move the Court to challenge whether the change is required by federal statute or regulations. Any such change shall be implemented as narrowly as possible to preserve as much of this Stipulation and Order as possible.

56. Notwithstanding the provisions of this Stipulation and Order, Defendant reserves the right to seek to implement, change, or otherwise alter or amend the procedures and requirements of this Stipulation and Order if system-wide or programmatic changes affecting OTDA's administration of SNAP, or other circumstances render compliance with any provision of the Stipulation and Order impossible or unduly burdensome. Defendant shall provide Plaintiffs' counsel written notification, by certified mail or by hand delivery with written acknowledgment of receipt, of such circumstances no more than thirty (30) days after the circumstance arises. Any necessary change shall be implemented as narrowly as possible to preserve as much of this Stipulation and Order as possible.

57. Unless otherwise set forth herein, the terms and conditions of this Stipulation and Order shall become effective upon the date of entry of the Stipulation and Order by the Court.

16

58. This Stipulation and Order is final and binding upon the Parties, their successors and assigns. Plaintiffs may seek enforcement of this Stipulation and Order according to the standards specified in ¶ 63–64.

59. The Parties recognize and acknowledge that the only consideration for signing this Stipulation and Order are the terms stated herein and no other promise, agreement or representation of any kind has been made to any party by any person or entity whatsoever to cause any party to sign this Stipulation and Order.

60. This Stipulation and Order constitutes a compromise settlement of disputed and contested matters between the Parties. It shall not be construed as an admission of any sort by any of the Parties, nor shall it be used as evidence in a proceeding of any kind, except as necessary to administer and/or enforce the terms of this Stipulation and Order.

61. This Stipulation and Order constitutes an integrated Order, containing the entire understanding of the Parties with respect to the matters addressed herein and, except as set forth in this Stipulation and Order, no representations, warranties or promises, oral or written, have been made or relied on by the Parties. This Stipulation and Order shall prevail over any prior communications between the Parties or their representatives relative to matters addressed herein. This Stipulation and Order may not be changed unless the change is in writing and signed by the Parties or by order of the Court.

62. The Parties warrant and represent that they have read and understand the foregoing provisions of this Stipulation and Order and that they and their respective signatories are fully authorized and competent to execute this Stipulation and Order on their behalf.

## VI. ENFORCEMENT AND INFORMAL DISPUTE RESOLUTION

63.     Plaintiffs may move for enforcement of this Stipulation and Order, including the remedy of extension of the Court's jurisdiction, based on a showing of Defendant's noncompliance with the terms of this Stipulation and Order. Prior to bringing any such motion, Plaintiffs will be required to provide written notice to Defendant detailing any claim of non-compliance. Within fifteen (15) business days thereafter, or at such time as the Parties mutually agree upon, the Parties shall confer in a good faith effort to resolve the dispute. If the Parties are unable to resolve the dispute, Plaintiffs may file a motion for enforcement with the Court.

64.     In the event that Plaintiffs move for enforcement of this Stipulation and Order, including the remedy of extension of the Court's jurisdiction, Defendant shall not object to the standing or mootness of any of the Plaintiffs to make that motion or to seek relief generally applicable to all persons similarly situated, nor shall Defendant interpose facts concerning the standing or mootness of any of the Plaintiffs to bring such motion, nor shall Defendant object to the intervention or adding of such other additional Plaintiffs who seek to enforce the Stipulation and Order.

## VII.     JURISDICTION

65. The Court shall retain jurisdiction of this matter for a period commencing with the "So Ordering" of this Stipulation and Order and continuing for no less than six (6) months commencing with the implementation of the drop down menu described in ¶ 33. Should Plaintiffs move for enforcement pursuant to ¶¶ 63–64, the Court's jurisdiction shall continue until: (1) the Court decides any such motion; (2) such time as the Court directs, in the event the Court decides any such motion in favor of the Plaintiffs; (3) or such time as may be extended by agreement of the parties in modification of this Stipulation and Order. The Court's jurisdiction herein shall terminate upon the Court's granting of a motion by the Defendant, which motion

shall be granted once Defendant demonstrates that the Defendant has taken all steps listed in ¶¶ 32–33, 42–43, 45–52. Plaintiffs reserve the right, in the event of such motion by the Defendant, to oppose the dismissal of the Court's jurisdiction.

66. The parties acknowledge that Defendant has fully implemented mutually agreed-upon tasks pursuant to this Stipulation and Order. As such, the jurisdiction of this Court and the corresponding ability of Plaintiffs to move to enforce compliance, as referenced in ¶ 65, shall not apply to the Defendant's implementation of the Work Activity Letter and related actions as described in ¶¶ 37–39; the Client Information Letter and related actions as described in ¶¶ 28–30 and 41; and the Interview Template and related actions as described in ¶¶ 34–36 and 44.

## VIII. ATTORNEYS' FEES AND COSTS

67. The parties shall negotiate in good faith Plaintiffs' entitlement to reasonable attorneys' fees, costs, and disbursements to be awarded to Plaintiffs' counsel pursuant to 42 U.S.C. § 1988 for all work through and including the so-ordering of the Stipulation and Order. Upon the so-ordering of this Stipulation and Order by counsel for all parties, Plaintiffs' counsel shall forward to counsel for Defendants, no later than thirty days thereafter, Plaintiffs' counsel's time and billing records and statements of costs incurred in this action for which recovery is sought, so the parties may proceed to negotiate the amount of reasonable attorneys' fees, costs, and disbursements.

68. Any agreement as to attorneys' fees, costs, and disbursements that is reached by the parties ("Provisional Agreement") is subject to the approval by all appropriate State officials, in accordance with N.Y. Public Officers Law § 17. Plaintiffs' counsel agrees to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approvals and effectuating payment.

69.     In the event that State Approval is not obtained, Defendant's counsel shall notify Plaintiffs' counsel within five (5) business days of the disapproval. Disapproval of the Provisional Agreement by the approving authorities of State shall render the terms of the Provisional Agreement null, void, and of no further force and effect.

70.     Within thirty (30) days of either party notifying the Court that either (i) the parties have reached an impasse on the matter of Plaintiffs' entitlement to attorneys' fees, costs, and disbursements despite the parties' good faith efforts, or (ii) State Approval has been denied for the agreement reached by the parties, Plaintiffs' counsel may make an application to the Court for an award of reasonable attorneys' fees, costs, and disbursements pursuant to 42 U.S.C. §§ 1988 for all work through and including the so-ordering of the Stipulation and Order; and Defendant's counsel may oppose any such application.

Dated: June 13, 2019

Saima Akhtar
EMPIRE JUSTICE CENTER
Saima A. Akhtar, Bar Roll No. 515569
Susan C. Antos, Bar Roll No. 101042
119 Washington Avenue, 3d floor
Albany, NY 12210
(518) 462-6831, x2851

NATIONAL CENTER FOR LAW
AND ECONOMIC JUSTICE, INC.
Marc Cohan, Bar Roll No. 517042
Katharine Deabler, Bar Roll No. 520974
275 Seventh Avenue, Suite 1506
New York, New York 10001
Tel. (212) 633-6967

Attorneys for the Plaintiffs

Dated: June 12, 2019

C. Harris Dague
Assistant Attorney General
Litigation Bureau
Office of the New York State Attorney
General, Letitia James
The Capitol
Albany, NY 12224

Dated: Sept. 17 2019
Utica, New York

**IT IS SO ORDERED:**

Hon. David N. Hurd
United States District Court
Northern District of New York